**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 13-24287 |
| | § | |
| NGTECH, LLC | § | |
| | § | |
| | § | |
| Debtor | § | |

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 13 of the United States Bankruptcy Code was filed on 06/12/2013. The case was converted to one under Chapter 7 on 12/19/2013. The undersigned trustee was appointed on 12/19/2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $2,018.46

   Funds were disbursed in the following amounts:

   | | |
   |---|---|
   | Payments made under an interim distribution | $0.00 |
   | Administrative expenses | $0.00 |
   | Bank service fees | $23.59 |
   | Other Payments to creditors | $0.00 |
   | Non-estate funds paid to 3rd Parties | $1,994.87 |
   | Exemptions paid to the debtor | $0.00 |
   | Other payments to the debtor | $0.00 |
   | Leaving a balance on hand of[1] | $0.00 |

   The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

6. The deadline for filing non-governmental claims in this case was 06/02/2014 and the deadline for filing government claims was 06/02/2014. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $0.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

9. Only asset in which funds came in, JP Morgan Chase's cash collateral was abandoned. There will be no other payments for fees or otherwise in this case.

The trustee has received $0.00 as interim compensation and now requests the sum of $0.00, for a total compensation of $0.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/20/2015             By:    /s/ Horace Fox, Jr.
                                    Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No: 1    Exhibit A

| Case No.: | 13-24287 | Trustee Name: | Horace Fox, Jr. |
| Case Name: | NGTECH, LLC | Date Filed (f) or Converted (c): | 12/19/2013 (c) |
| For the Period Ending: | 2/20/2015 | §341(a) Meeting Date: | 02/19/2014 |
| | | Claims Bar Date: | 06/02/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| **Ref. #** | | | | | |
| 1  116 S. Arlington Heights Road, Arlington Heights, Illinois 60005 | $700,000.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** Bank wants us to sell this property. SBA has a lien and so do insiders the Deo's. Bank failed to pay for force placed insurance, I abandoned all interest in r/e. | | | | | |
| 2  Checking account at Chase-Listed as Citi account actually at Chase according to bank. | $11,641.00 | $11,641.00 | OA | $2,018.46 | FA |
| **Asset Notes:** LLC manager says that the balance is 5,000.00. I have sent demand letter. Demand letters originally sent to Citi and no response.  Case initially filed as chapter 11. The difference between amount scheduled and funds received by estate were spent when the case was a chapter 11 and when it was a 7, by the building manager to keep utilities on, with consent of the Bank, JP Morgan Chase, which advanced the funds as cash collateral. | | | | | |

**TOTALS (Excluding unknown value)**                                                                                                  **Gross Value of Remaining Assets**

$711,641.00            $11,641.00                                  $2,018.46                                            $0.00

**Major Activities affecting case closing:**

Order entered to abandon...cash collateral and check written to JP Morgan and sent to Lauren Newman, its attorney, await zero balance and file final report.

Motion to abandon granted, write check to Lauren Newman, close case with no asset notice.

Motion to abandon filed 12.23.14.

Abandon 2,000 plus as bank's cash collateral.

SBA filed large secured claim (r/e abandoned). Second claim is admin claim by UST from time case was an 11. 9.11.84

Seek to abandon 2,000.00 received as it was cash collateral, claimed by the Bank. 7.25.14

Sent fax to Dunton Chase location for Chase 8n Arlington Heights, xxxxx8628, since I have abandoned the real estate. The bank account funds are assets of the bk estate and should not be handed over to the former manager of the property, Mr. Deo, absent court order. 5.7.14

Case 13-24287   Doc 118   Filed 04/07/15   Entered 04/07/15 13:05:46   Desc Main
Document   Page 4 of 11

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page No: 2    Exhibit A

| Case No.: | 13-24287 | | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|---|
| Case Name: | NGTECH, LLC | | | Date Filed (f) or Converted (c): | 12/19/2013 (c) |
| For the Period Ending: | 2/20/2015 | | | §341(a) Meeting Date: | 02/19/2014 |
| | | | | Claims Bar Date: | 06/02/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

Proposed buyer raised his offer from 300k to 400k, which the bank rejected. Mr. Rabin, the bank's attorney (also Laura Newman) said the 400k offer was 50-75k too low. He asked us to ask Vellus to make his best offer. Bruce will communicate that to Vellus this pm (3.13.14)

We informed the bank 6 days ago when we learned on a site visit (de 'Medici) that there was no insurance and informed (Newman) then. We informed the bank to provide proof of insurance then. On 3.12.14 Rabin sent an e-mail asking us to purchase forced place insurance out of the 5,000 account that we do not yet have control of. The bank also expects me to keep the common elements clean, keep parking lot free of snow and keep utilities paid, in addition to keeping common elements clean. The bank is being disingenuous. The really do not want us to sell the building by making such requests and not providing resources. The bank's actions say it is putting road blocks ( see above) to sale.

The former broker (don Dymond, listing agreement expired) said the top of the market in good times is $500k and these are not good times the bottom is 350k because the building is three stories with no elevator and in need of a facelift. He has had no offers in 1.5 years though on offer of 300k offer went directly to the bank and was rejected.

Jason Yale our broker (no contract) agrees with the above assessment. His inspection showed a tired, C building without an elevator, with possible leak on top floor (stained tiles) with ony 4 of 10 tenants occupying. The parking lot needs repaving and the hallways/common elements are cold. He views it as a teardown and thinks the bank was foolish for turning down the $400k offer that came with out a brokers commission attached to it. Unless we get funds to maintain the building, file motion to abandon. Further a newer building in better shape, 123 S Arlington Heights Road, 2 story, sold $448,000, on 4.23.13 and was on market 74 days. 3.13.14

Motion abandon in court 3.25.14, granted.

Demand letter to bank for checking court balance.
Got a call from tenant , Joe Julius, 7-394-9200, josephjulius@msnc.com that there is no heat at 1:14. I e-mailed Mr. de 'Medici and suggested he contact bank attorney Lauren Newman to deal with this issue. I called the tenant back (Joe Julius) and was told the heat was working. I e-mailed Lalit Deo 9llc MGR.) to bring check book and books and records to my office 10:00 am Friday since said he would not perform his normal functions of keeping the heat on and preserving the property for sale. He will send checkbook and books and records by fedex.

Learned 3.8.14, there is no insurance on building. Mr.. de 'Medici who inspected the building that day, left a voice mail and e-mail for bank attorney, Laura Newman. He retrieved the checkbook. I advised Mr. de'Medici to file a motion to abandon the property due to lack of insurance and the taxes having been purchased by tax buyer. 3.10.14

Filed motion to abandon 3.15.14, set 3.25.14.

| **Initial Projected Date Of Final Report (TFR):** | 02/18/2015 | **Current Projected Date Of Final Report (TFR):** | /s/ HORACE FOX, JR. |
|---|---|---|---|
| | | | HORACE FOX, JR. |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 13-24287 | | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|---|
| Case Name: | NGTECH, LLC | | | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***6871 | | | Checking Acct #: | ******8701 |
| Co-Debtor Taxpayer ID #: | | | | Account Title: | |
| For Period Beginning: | 6/12/2013 | | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/20/2015 | | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/19/2014 | (2) | JP Morgan Chase Bank, N.A. | Bank account liquidation listed on schedule B as Citi the correct bank is Chase. | 1129-000 | $2,018.46 | | $2,018.46 |
| 05/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $1.36 | $2,017.10 |
| 06/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $3.04 | $2,014.06 |
| 07/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $3.25 | $2,010.81 |
| 08/29/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $3.34 | $2,007.47 |
| 09/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $3.03 | $2,004.44 |
| 10/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $3.44 | $2,001.00 |
| 11/28/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $2.91 | $1,998.09 |
| 12/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $3.22 | $1,994.87 |
| 01/14/2015 | 5001 | JP Morgan Chase Bank, N.A. | Order dated 1/13/15 Doc # 117 ORDER AUTHORIZING TRUSTEE TO ABANDON ANY INTEREST OF THE ESTATE IN RENTS. $ DISBURSED TO BANK CASH COLLATERAL WHEN THE CASE WAS A CHAPTER 11. | 8500-002 | | $1,994.87 | $0.00 |

| | | | | **SUBTOTALS** | $2,018.46 | $2,018.46 | |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No.: | 13-24287 | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|
| Case Name: | NGTECH, LLC | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***6871 | Checking Acct #: | ******8701 |
| Co-Debtor Taxpayer ID #: | | Account Title: | |
| For Period Beginning: | 6/12/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/20/2015 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

|  |  |  | **TOTALS:** | | $2,018.46 | $2,018.46 | $0.00 |
|---|---|---|---|---|---|---|---|
|  |  |  | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
|  |  |  | **Subtotal** | | $2,018.46 | $2,018.46 | |
|  |  |  | **Less: Payments to debtors** | | $0.00 | $0.00 | |
|  |  |  | **Net** | | $2,018.46 | $2,018.46 | |

**For the period of 6/12/2013 to 2/20/2015**

| | |
|---|---|
| Total Compensable Receipts: | $2,018.46 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,018.46 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $23.59 |
| Total Non-Compensable Disbursements: | $1,994.87 |
| Total Comp/Non Comp Disbursements: | $2,018.46 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the account between 05/19/2014 to 2/20/2015**

| | |
|---|---|
| Total Compensable Receipts: | $2,018.46 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,018.46 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $23.59 |
| Total Non-Compensable Disbursements: | $1,994.87 |
| Total Comp/Non Comp Disbursements: | $2,018.46 |
| Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 13-24287 | | | Trustee Name: | Horace Fox, Jr. |
| Case Name: | NGTECH, LLC | | | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***6871 | | | Checking Acct #: | ******8701 |
| Co-Debtor Taxpayer ID #: | | | | Account Title: | |
| For Period Beginning: | 6/12/2013 | | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/20/2015 | | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $2,018.46 | $2,018.46 | $0.00 |

**For the period of 6/12/2013 to 2/20/2015**

| | |
|---|---|
| Total Compensable Receipts: | $2,018.46 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,018.46 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $23.59 |
| Total Non-Compensable Disbursements: | $1,994.87 |
| Total Comp/Non Comp Disbursements: | $2,018.46 |
| Total Internal/Transfer Disbursements: | $0.00 |

**For the entire history of the case between 12/19/2013 to 2/20/2015**

| | |
|---|---|
| Total Compensable Receipts: | $2,018.46 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2,018.46 |
| Total Internal/Transfer Receipts: | $0.00 |
| | |
| Total Compensable Disbursements: | $23.59 |
| Total Non-Compensable Disbursements: | $1,994.87 |
| Total Comp/Non Comp Disbursements: | $2,018.46 |
| Total Internal/Transfer Disbursements: | $0.00 |

/s/ HORACE FOX, JR.

HORACE FOX, JR.

**CLAIM ANALYSIS REPORT**  Page No: 1       Exhibit C

| Case No.: | 13-24287 | | | | | | | Trustee Name: | Horace Fox, Jr. |
| Case Name: | NGTECH, LLC | | | | | | | Date: | 2/20/2015 |
| Claims Bar Date: | 06/02/2014 | | | | | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HORACE FOX, JR. 6 East Monroe Suite 1004 Chicago IL 60603 | 03/14/2014 | Trustee Compensation | Allowed | 2100-000 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1 | U S SMALL BUSINESS ADMINISTRATION c/o U S Department of Justice Attn: Joel Nathan 219 S Dearborn St., 5th Floor Chicago IL 60604 | 08/27/2013 | Real Estate - Consensual Liens | Allowed | 4110-000 | $0.00 | $538,453.83 | $538,453.83 | $0.00 | $0.00 | $0.00 | $538,453.83 |
| 2 | OFFICE OF THE US TRUSTEE 219 S Dearborn St Room 873 Chicago IL 60604 | 01/16/2014 | Other Professional Expenses | Allowed | 7100-000 | $0.00 | $325.00 | $325.00 | $0.00 | $0.00 | $0.00 | $325.00 |
| | | | | | | $538,778.83 | $538,778.83 | $0.00 | $0.00 | $0.00 | | $538,778.83 |

Exhibit C

**CLAIM ANALYSIS REPORT**  Page No: 2

| Case No.         | 13-24287   | Trustee Name: | Horace Fox, Jr. |
|------------------|------------|---------------|-----------------|
| Case Name:       | NGTECH, LLC | Date:        | 2/20/2015       |
| Claims Bar Date: | 06/02/2014 |               |                 |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---:|---:|---:|---:|---:|---:|
| Other Professional Expenses | $325.00 | $325.00 | $0.00 | $0.00 | $0.00 | $325.00 |
| Real Estate - Consensual Liens | $538,453.83 | $538,453.83 | $0.00 | $0.00 | $0.00 | $538,453.83 |
| Trustee Compensation | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.: 13-24287
Case Name: NGTECH, LLC
Trustee Name: Horace Fox, Jr.

Balance on hand: $0.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|---|
| 1 | U S Small Business Administration | $538,453.83 | $538,453.83 | $0.00 | $0.00 |

Total to be paid to secured creditors: $0.00
Remaining balance: $0.00

Applications for chapter 7 fees and administrative expenses have been filed as follows: NONE

Total to be paid for chapter 7 administrative expenses: $0.00
Remaining balance: $0.00

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

Total to be paid to prior chapter administrative expenses: $0.00
Remaining balance: $0.00

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

Total to be paid to priority claims: $0.00
Remaining balance: $0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (5/1/2011)**

    Timely claims of general (unsecured) creditors totaling $325.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---:|---:|---:|
| 2 | Office of the US Trustee | $325.00 | $0.00 | $0.00 |

Total to be paid to timely general unsecured claims:    $0.00
Remaining balance:    $0.00

    Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

    Tardily filed general (unsecured) claims are as follows: NONE

Total to be paid to tardily filed general unsecured claims:    $0.00
Remaining balance:    $0.00

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims:    $0.00
Remaining balance:    $0.00

**UST Form 101-7-TFR (5/1/2011)**